The next case for argument is 24-2149, Morgan v. Collins. We're ready whenever you are, if you want to get settled. May it please the court, I represent Mr. Morgan here and what we have here is a clear and unmistakable error claim that we filed from a 1986 board decision. And essentially the error was that the veteran in 1981 had filed a claim for arthritis in both of his joints, claiming it was secondary to a service-connected Kosio Mycosis. A C&P exam was done at the time. They confirmed that the veteran had arthritis, and in the veteran's history, he said that his arthritis began 1967, which would be whenever he would be in the service. The regional office denied the claim. He filed- I appreciate that, but trust me, we've read the briefs and the record, you know that. So let me just ask you, as you know, we have a limited standard of review. What are the legal issues you're raising in this appeal? Okay, yes. Yes, what we're talking about here is there's this line of cases that we cited in our brief and essentially it gets down to whether or not a more sympathetic reading would be required. Because in the cases that we cited in our brief, so say like in the Moody case that we cited, which is a case from this court in 2003, what the court had said was that when you have a pro se veteran like this veteran here and when there was a question about whether or not he raised a claim or not, the court said a sympathetic reading would be required and that would be even applicable in the context of even clear and unmistakable error claims. And there was also a subsequent case, I think it's Richardson, where they applied the same standard the Court of Appeals veterans claims. We have cases and you refer to them, I think, that our cases say there has to be undebatable error, right, in order to establish a CUE. Right, right. That's correct. So are you suggesting that our case law is different or are you suggesting that you're just looking for that the definition of undebatable, you're accepting the standard of undebatable, but you're just saying the gloss on that undebatable has to be sympathetic? I think it's, I think it's, I think it's some of both. I think that number one, I think that number one is that there are probably reasons as to why a little bit more sympathetic reading should be granted considering, considering one, Beverly versus Nicholson also seems to apply more sympathetic reading is required. When you, when you involve legal theories, when you involve legal theories of service connection and in this particular case is a little bit unique because of, because of the fact this was a claim, a legal theory that was not raised up by the veteran. The evidence from the C&P exam raised up a question of whether or not the, the veteran should be considered to be presumptively service connected because under, under 3.309 and 3.307, arthritis is one of those chronic conditions that if it either began in service or within one year of service, there's a presumption that it, that it's related to service. And that was the basis of our error. Problem is in this particular case, the veteran didn't even raise that at all. It was just the board in 1986 said, there's no objective medical evidence, which of course as we outlined in our brief. You may have already answered this question and responded to Judge Pearls, but I'm not sure if I caught the answer. So let me just ask this. Do you agree that there needed to be a showing of undebatable error or do you disagree with that? I, I'm sorry, I didn't quite catch that. Yes. Do you agree that there would need to be a showing of undebatable error or do you disagree with that statement? Do I agree about, about whether or not there was an undebatable error? That there would be a showing required of undebatable error. Do you agree with that or do you disagree? I think it, I think it depends upon whether or not, you know, how you, you know, how you define what is, you know, what is undebatable and particularly because I had this, I had this particular and I was going to talk about this particular case. There's a case called Baker v. McDonough, which was raised up the last Q argument that I had. The docket number is 2023, 1972. That decision was dated December 19, 2024. So are you saying that a sympathetic reading is required instead of an undebatable error or do you also think an undebatable error is required? I'm just trying to parse that out. Okay. Okay. All right. Um, I think, uh, I think a more sympathetic reading is required, um, but you also then have to take a look and this is what the Baker v. McDonough case said too. Counsel, yeah, I read your brief to repeatedly say that the issue here is whether the board had to give a sympathetic reading instead of apply undebatable error. Right, right. My answer, I think, to what Judge Cunningham was asking is yes, it's instead of, right? Yes, yes. Yes, exactly. Yes. Yes. And that's the question of law you're putting in front of us. That's correct. Yes, sir. Yes, sir. Yes, sir. What if, what if any authority do you have that would support the proposition that instead of undebatable error, the board should have been just giving a sympathetic reading? Yeah. I think that, I think that you have the Moody v. Principi, um, case where the, where this court said in the context even of clear and unmistakable error that when you're talking about claims that have to be, claims that were, uh, reasonably raised by the record, um, that the court, even in the, that the board, even whenever, um, even in the context of Q has to give a sympathetic reading to that. Right. But, but I don't think, but correct me if I'm wrong, I don't think there's anything in Moody where we say or suggest you don't also apply the undebatable error standard.   Um. I mean, do you agree with that? Well they, well they remanded it back saying, I think that, I think that maybe the more proper question, and this may be, may be where the Baker case could maybe could help because the court in that particular case said the standard was whether or not, so, so in the Baker case, you had a question of whether or not it was undebatable that the veteran had a definitive diagnosis of multiple sclerosis. And this court has said, no, the standard is whether or not it's undebatable that the evidence is an equipa. And if that answer is yes, then Q would be warranted. And so I think that the, I think the question would be, would be, would be that, that you have to give a sympathetic reading as to, you know, as to this legal theory. Number two is also think that you have to also then, then to consider whether or not it is undebatable that the evidence was an actual equipa. And that could then make then a difference in how that's, in how that's analyzed. Because say like in this particular case, you have, you have a lay history. You have a lay history. All the board did in 1986 said there's no objective medical evidence. And we argued in our brief that's not the proper standard to be applied. We don't have like any, you know, the board in this particular case, I think, tried to argue that, that there could maybe be some factual issues about when the veteran actually, actually started to say that he actually had arthritis, which would affect whether or not the presumption would apply. And I think that the, that especially when you consider the Baker v. McDonough case, it would be. Let me ask you, did you cite that? I'm not, it's not coming up. Yeah, yeah. I'm sorry. I'm sorry. And the reason I bring it up, this is a case that was decided after the briefing was done in this case. And in the last oral argument I had in clear and unmistakable, the court addressed it on its own. So that's why. We have something called the 28J letter where if you think the precedent is relevant and it follows the briefing, you usually submit it to the court. Yeah, yeah. So. I'm still not understanding the answer to Judge Stark's question. If you're asking us to overturn the undebatable standard, then we can't do that as a panel. You would agree with that, right? The full court would have to overturn the cases that have relied on that standard, correct? I think, I think that would probably would be, would be correct. I think that, I think that kind of like what I mean by, by when you determine, when you read undebatable standard, you have to consider it in a more sympathetic light. So where does that, whatever, where does that get you in this case? You want us to remand it to the CAVC and then to the board to say, you have to apply a more sympathetic standard? That's correct. Plus, also I think under the Baker v. McDonough would be, it would not be undebatable in terms, it would be undebatable about whether or not the evidence is in EQUIPA or not, which is a different question than, than. Was the Baker case a CUE case? What? Was Baker a CUE case? Yes, it was. Yes, it was. It was a CUE case. Do you have a citation for us? You've been quoting it to us. Do you have a citation for us? It's, it, it, it, it is unfortunately, I don't think it's not a published opinion, the docket numbers. Oh, it's a non-precedential opinion? That's correct. Okay. Well, that makes a difference too. Yeah. Yeah. And, and, and, and, and the only reason I brought it up is because the last CUE case that I had here in March, the court brought up that particular case to us and ordered supplemental briefing on that. So you're saying you want us to remand it to say that you have to apply a sympathetic, more sympathetic reading and your definition of more sympathetic would be if the evidence is in EQUIPOIS, the veteran wins? That's correct. Yes. Okay. Yeah.  And, and I mean, and I think that How does this, how does this issue that we've been talking about, you, the other issue you kind of referred to is, and I want to understand if they're separate or if they're not among them, which is that you're, they should have credited your client's testimony. I'm not quite sure. You're arguing under some regulation or whatever that they're required to consider lay testimony? Right, right, right. I think that, I think that there is a, there is a 3.307 that says, that says that lay evidence alone is sufficient, is sufficient, you know, is sufficient and, and, and, and that's kind  Is that really what it says? The evidence, the factual basis may be established by medical evidence, competent laid evidence or both. Medical evidence should set forth. So you think that means that you can't consider the medical evidence? You can only consider Well, well, I think that under 38, so basically what the board did in 1986 was they said, you must have objective medical evidence. That's all the board said. That's all we have. So there's no like finding, hey, the veteran's not credible or something like that. And what we are saying is under 38 CFR 3.307B, lay evidence alone is permitted to establish continuity of symptomology under 3.303B to establish a nexus. So the board has to ignore all the other evidence in the record if there is lay evidence? Well they don't, well they don't, I think, I think in this particular case, the way that I read the board decision is the board is wrong to require that in order to establish a nexus. The board is wrong to require what? You said that. Oh, I'm sorry, that the board, all the board said was that the veteran did not submit objective medical evidence that he suffered from arthritis within service or within a year of service. And that's all the board said. And what we're saying is that lay evidence alone is permissible, is permissible, and so the board erred in requiring the veteran to submit that objective medical evidence. So and I think it's particularly relevant in this case because there's no dispute that the veteran did have arthritis. Because obviously you would need to have medical evidence to establish a diagnosis, but he does have a diagnosis and the board acknowledged that at that time, so that's not an issue there. What we're talking about here is the established continuity of symptomology under 3.303B. Okay. We're into your rebuttal, so why don't we hear from the other side and what we say. Okay.  Good morning. Good morning, Your Honors, and may it please the court. Mr. Jones and I were here about a year ago, almost exactly, debating this very same issue in which he was arguing that Q and a sympathetic reading should somehow be combined or similar. The case was called Williams v. Collins. It was a non-precedential decision, but this court declined to alter the Q standard in favor of a sympathetic reading, and I believe that there's no reason that the court should not follow that concept here today. Do you want to respond to Moody and Baker, if you wish? Sure. I'm not familiar with the Baker case, as it was not cited in any of the briefs, but in terms of Moody, Moody doesn't say that a sympathetic reading overrides the Q standard. What Moody explains is that a sympathetic reading should be given to the original pleadings when considering whether there was Q. So in this case, we're talking about the original claim, 1981-1982, when the veteran claimed arthritis as secondary to the valley fever. What I believe he was asking in terms of a sympathetic reading, that it not be read as just a secondary service connection claim, but also as presumptively service-connected because he alleges there was some evidence that the arthritis arose within a year of service. And we don't disagree that a sympathetic reading should have been given to those original pleadings and was given to those original pleadings, because the board in 1986 considered both the secondary service connection related to the valley fever and the concept of presumptive service connection, and just determined that the evidence didn't support that there was any arthritis present within a year of service. So I think in terms of relief, you are seeking dismissal or any alternative affirmance. But based on what we're talking about, do you think that there should be different treatment for the two different issues that were raised by opposing counsel? So there's the first issue that we talked, I think, quite a bit about, and then kind of the secondary issues I want to say Judge Prost talked with him about. Do you think one claim should be dismissed, one should be affirmed, or what's your overall take? Both should be dismissed, because both were a mere application of existing law by the Veterans Court to the case. So in the sense of sympathetic reading and cue, as we just talked about, sympathetic reading was applied to the actual pleadings, and then the cue standard for unabatable error that would change the outcome was just applied to the facts here, and there was frankly no error found at all, let alone an unabatable error, because as I pointed out, the board did consider all potential theories of service connection. So there was no reasonably raised claim that wasn't considered. I think the problem is that maybe you and your friend would define sympathetic reading differently. So that leaves us with a question. Can I ask you about the second piece of the spout, which I'm not really understanding? What is your understanding of this lay witness issue? My understanding of the issue that's being raised is that Mr. Morgan is asserting that the lay evidence had to be considered over the medical evidence, or if there's lay evidence it should be ignored. We don't dispute that 3.307 requires the VA to look at lay evidence, and that lay evidence can be a factor in determining whether a condition is presumptively serviceable or not. But what happens is the practical matter is, was there medical evidence below, or did they say no, you haven't put any medical evidence in, you've just put in lay evidence, and in that case all you have is lay evidence. Right. No, there was medical evidence and lay evidence. There was medical evidence that conflicted with the lay evidence, and the VA found that medical evidence outweighed the lay evidence. The board, even back in 1986, took into account that there was testimony in the record from Mr. Morgan about when his arthritis started, but the board weighed the evidence and determined that the medical evidence against that testimony was more persuasive, and that fact-finding role, that weighing of evidence, is exclusively relegated to VA, and this court lacks jurisdiction to weigh the evidence. It's half-dozen. I could craft it as a legal question, and you win on that point, but whether the regulation really means that if you have lay evidence, you have to consider that to the exclusion of medical evidence. Sure, yes, that could be construed as a legal question, but the regulation, as you said, does not support the concept that only lay evidence can be included if there's lay evidence, and that's not even a matter. I understood Mr. Jones to be telling us that at least at some point in Mr. Morgan's process, some level, maybe the board, said you definitely need objective medical evidence. I don't know if you heard he said something to that effect, or at least I thought he did. Did that happen at some stage of this process? I don't recall seeing anywhere in the record where the board specifically said objective medical evidence. It was just a weighing of the evidence. It wasn't a disregarding of lay evidence. And on the first issue that he raised, if I understand the issue to be whether the board should have applied a sympathetic reading instead of, so to the exclusion of the undebatable error standard, I think that would be a question of law, wouldn't it? That potentially could be a question of law if we're talking about the proper legal standard that the board and veterans court should have used. And I'm not familiar with the Williams case you started with. Did we address that question in the way I've sort of articulated it in that case? Do you know? I haven't looked at that. It was not a dismissal, so the court did address the question on the merits. It was a little bit different in that Mr. Jones was arguing that the presumption of soundness played into this, and that the presumption of soundness, I think combined with the sympathetic reading, kind of suggested that the undebatable error standard should be lesser at some level. I'm not sure he articulated in that case, as he hasn't really in this case, what specifically it should be. But this court declined to change the Q undebatable error standard, and that's consistent with this court's decision in SEMRAJ, where it addressed the sympathetic reading, but explicitly said that sympathetically reading the underlying pleadings does not change anything about the Q standard. Thank you.  Thank you. We can restore two minutes of rebuttal if you need it. I guess the question was asked, I guess, where was the objective medical evidence, I guess, statement in the board decision in 1986? And if you go back to appendix 29, under the findings of fact number four, it said a musculoskeletal disorder was not objectively demonstrated in service or within one year of separation. It is not etiologically related to a service-connected disease or injury. So that's where we got that from. Thank you. And This was a long time ago. Boy, this stuff reads differently now, because we've got the different statutory regime and the review that we didn't have then, right? Yeah. I mean, it's It's an observation, you don't need to It's a real issue because, number one, the veteran himself only raised up the issue of being secondary to his cosomidosis. So all of the medical evidence, all of the C&P exams, that's the only questions they ever asked. The only reason it was brought up is because the veteran in his history stated it began in 1967, but the C&P exam, I guess, did not give an opinion because it wasn't asked at the time, because he only made a claim for secondary service connection. And then he files an appeal, he never makes any arguments about saying it's direct service connection, and then the board puts this finding of fact. And so I think that's probably why we're trying to see if we could get a little bit more sympathetic reading, and especially considering the fact that at the time, there's no appellate rights for the veteran at all, because you don't have the, the court hadn't been created yet. And then another issue, too, is that the board is coming back and the board is making some findings about whether or not, you know, did he, you know, did he say it was in 1967, and no, maybe it was 1970, no, maybe it was 1982, and the problem is, is that the board in 1986, because it was something he didn't raise at all, didn't really even talk about that at all, because it was just an issue, it was just a theory that was not raised by him at all. Okay? And so, so anyway, and so, and so we appreciate your time. Thank you very much. Thank you. Y'all have a good day. The case is submitted. Thank you.